IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:23-CR-093-O

DARRIEN BASS (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Darrien Bass ("the Defendant"), the Defendant's attorney, and the United States of America ("the government"), agree as follows:

1. **Rights of the Defendant**:    The Defendant understands that he has the right:

        a.     to plead not guilty;
        b.     to have a trial by jury;
        c.     to have his guilt proven beyond a reasonable doubt;
        d.     to confront and cross-examine witnesses and to call witnesses in his defense; and
        e.     against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**:    The Defendant waives these rights, waives any defenses he may have based on any statute of limitations, and pleads guilty to the offense alleged in Count One of the Information, charging Possession of a Controlled Substance with intent to Distribute (Fentanyl) in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The Defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3. ⃝B̃**Sentence**:     The maximum penalties the Court can impose are as follows:

      a.     imprisonment for a period not more than twenty (20) years;

      b.     a fine not to exceed $1,000,000, or both fine and imprisonment;

      c.     a term of supervised release of not less than 3 years (If the defendant violates any condition of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement.);

      d.     a mandatory special assessment of $100;

      e.     forfeiture of items or proceeds of the offense; and

      f.     costs of incarceration and supervision.

4. ⃝B̃ **Court's sentencing discretion and role of the Guidelines**:     The Defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   The Defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case.   The Defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court, and he will not be allowed to withdraw his plea if his sentence is higher than expected.

5. ⃝B̃ **Immigration consequences:**   The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses.   The defendant understands this may include the offense to which the defendant is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense.   Removal and other immigration

consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

6.      **Forfeiture of property**:   The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the indictment or information, or seized or restrained in the investigation underlying the indictment or information, including the forfeiture of a Glock, Model 19, 9mm pistol, bearing serial number BCBT824, and all accompanying ammunition, magazines, and accessories.   The defendant agrees that this property is subject to forfeiture under 21 U.S.C. § 853(a).   The defendant consents to entry of any orders or declarations of forfeiture regarding such property and waives any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.   The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property.   The defendant agrees to hold the government, its officers, agents, and employees harmless from any claim whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

DB 7.    **Defendant's agreement:**   The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction.    If the defendant were to testify, the defendant's testimony must be complete and truthful.   Incomplete or dishonest testimony will constitute a breach of this agreement.   Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution.   The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.   The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.   The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

DB 8.    **Government's agreement:**    The government will not bring any additional charges against the Defendant based upon the conduct underlying and related to the Defendant's plea of guilty.

DB 9.     **Violation of agreement**:     The Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the Defendant for all offenses of which it has knowledge.   In such event, the Defendant waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the Defendant also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

DB 10.     **Voluntary plea**:     This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.   There have been no guarantees or promises from anyone as to what sentence the Court will impose.

DB 11.     **Representation of counsel**:     The Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   The Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.   Because he concedes that he is guilty, and after conferring with his lawyer, the Defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

DB 12.     **Waiver of right to appeal or otherwise challenge sentence**:     The Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to

**Plea Agreement - Page 5**

appeal the conviction, sentence, fine, order of restitution, and order of forfeiture.   The

Defendant further waives his right to contest his conviction, sentence, fine, order of

restitution, and order of forfeiture in any collateral proceeding, including proceedings

under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   The Defendant, however, reserves the

rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum

punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of

this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of

counsel.

13.     **Limitation of Agreement**:   This agreement is limited to the United States

Attorney's Office for the Northern District of Texas and does not bind any other federal,

state, or local prosecuting authorities, nor does it prohibit any civil or administrative

proceeding against the Defendant or any property.

**Plea Agreement - Page 6**

DB 14.   **Entirety of agreement:**   This document is a complete statement of the

parties' agreement and may not be modified unless the modification is in writing and

signed by all parties.

AGREED TO AND SIGNED this _____ day of ___April___, 2023.

DARRIEN BASS
Defendant

LEIGHA SIMONTON
UNITED STATES ATTORNEY

LEVI THOMAS
Assistant United States Attorney
Texas State Bar No. 24083963
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:   817-252-5200
Facsimile:   817-252-5455

ERIC NICKOLS
Attorney for Defendant

ALEX LEWIS
Deputy Criminal Chief

I have read or had read to me this Plea Agreement and have carefully reviewed
every part of it with my attorney.   I fully understand it and voluntarily agree to it.

DARRIEN BASS
Defendant

4-4-23
Date

I am the defendant's counsel.   I have carefully reviewed every part of this Plea
Agreement with the defendant.   To my knowledge and belief, my client's decision to
enter into this Plea Agreement is an informed and voluntary one.

ERIC NICKOLS
Attorney for Defendant

4-4-23
Date

**Plea Agreement - Page 7**